UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JACOB FAY LUKE, SR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-1524-WBV-DMD** |
| **DAVID ARCENEAUX, ET AL.** | **SECTION: D (3)** |

## ORDER AND REASONS

### I. FACTUAL AND PROCEDURAL BACKGROUND

On or about May 21, 2020, Jacob Fay Luke, Sr. ("Petitioner") filed a "Remedy and Constitutional Rights Violated," which appears to be a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 naming Judge David Arceneaux as the defendant.[1] On May 26, 2020, the Clerk's Office issued a Notice of Deficient Filing, notifying Petitioner that his Petition was deficient for failure to use an approved form and for his failure to pay the filing fee.[2] Petitioner was given 21 calendar days, or until June 16, 2020, to cure the deficiencies.[3] The Notice of Deficient Filing was sent to Petitioner at the Terrebonne Parish Jail, P.O. Box 4096, Houma, LA 70360.[4]

After receiving no response from Petitioner, the Court issued an Order to Show Cause on July 14, 2020, instructing Petitioner to show cause on or before August 10, 2020, by written motion or memorandum, as to the status of his Petition or why his Petition should not be dismissed for failure to remedy the deficiencies.[5] The Court

---

[1] R. Doc. 1.
[2] R. Doc. 2.
[3] *Id.*
[4] R. Doc. 6 at p. 1.
[5] R. Doc. 3.

warned Petitioner that failure to comply with the Order may result in dismissal without further notice.[6]

On August 10, 2020, Petitioner filed a Motion for Extension of Time, seeking an additional 30 days, or until September 10, 2020, to respond to the Court's July 14, 2020 Show Cause Order.[7] Petitioner requested an extension due to his limited access to the law library as a result of the COVID-19 pandemic.[8] The Court granted the Motion on August 11, 2020, and gave Petitioner an additional 30 days, or until September 9, 2020, to show cause, by written motion or memorandum, as to the status of his Petition, which was noted as deficient by the Clerk's Office on May 26, 2020, or to show cause why the Petition should not be dismissed.[9] The Clerk's Office mailed a copy of the Order to Petitioner at Terrebonne Parish Jail, P.O. Box 4096, Houma, LA 70360.[10]

On August 25, 2020, the Notice of Deficient Filing sent by the Clerk's Office to Petitioner was returned to the Court as undeliverable.[11] On September 10, 2020, the Court's August 11, 2020 Order granting Petitioner additional time to respond to the Show Cause Order was also returned to the Court as undeliverable.[12]

On September 11, 2020, the Court issued another Order, noting that the Clerk's Office had mailed a copy of the August 11, 2020 Order to Petitioner at Terrebonne Parish Jail, P.O. Box 4096, Houma, Louisiana, 70360, which was

---

[6] *Id.*
[7] R. Doc. 4.
[8] *Id.*
[9] R. Doc. 5.
[10] R. Doc. 7.
[11] R. Doc. 6.
[12] R. Doc. 7.

returned as undeliverable.[13] The Court gave Petitioner an additional 30 days, or until October 12, 2020 to show cause as to the status of his Petition or to show cause why the Petition should not be dismissed.[14] The Court instructed the Clerk's Office to mail a copy of the Order to Petitioner at 3211 Grand Caillou Road, Houma, Louisiana, 70363.[15]

On October 9, 2020, Petitioner filed a Notice of Change of Address into the record, dated September 8, 2020, but not postmarked until October 7, 2020, advising the Court that he had been released from Terrebonne Parish Jail, and providing the Court with his new mailing address in Gray, Louisiana.[16] Receiving no further response from Petitioner, on October 22, 2020, the Court issued another Show Cause Order, giving Petitioner an additional 30 days, or until November 23, 2020, to show cause as to the status of his Petition or to show cause why the Petition should not be dismissed.[17] The October 22, 2020 Order was mailed to Petitioner at his new address in Gray, Louisiana, and the Court warned Petitioner that failure to comply with the Order may result in dismissal without further notice.[18]

As of the date of this Order, Petitioner has not filed a response to the Court's October 22, 2020 Show Cause Order.

---

[13] R. Doc. 8.
[14] *Id.*
[15] *Id.*
[16] R. Doc. 9.
[17] R. Doc. 10.
[18] *Id.*

## II.   LEGAL STANDARD

"The Federal Rules of Civil Procedure specifically provide that a court may, in its discretion, dismiss a plaintiff's action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court and that such a dismissal is considered to be an adjudication on the merits."[19]  "A district court may *sua sponte* dismiss a lawsuit for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b)."[20]  "This authority is based on the courts' power to manage and administer their own affairs to ensure the orderly and expeditious disposition of cases."[21]  "Dismissal of a petition for writ of habeas corpus under Fed. R. Civ. P. 41(b) is appropriate where there is a clear record of delay and when lesser sanctions would not serve the best interests of justice.[22]  Nonetheless, "The Court's power to dismiss for want of prosecution should be used sparingly."[23]  Unless the dismissal order states otherwise, a dismissal under Rule 41(b) operates as an adjudication on the merits.[24]

"Although the decision to dismiss under Rule 41(b) is committed to the district court's discretion, its discretion to dismiss with prejudice has been confined to a narrow range of circumstances."[25]  Before an action can be dismissed with prejudice

---

[19] *Burns v. Westwego Police Dept.*, Civ. A. No. 14-2242, 2014 WL 7185449, at *2 (E.D. La. Dec. 16, 2014) (*citing* Fed. R. Civ. P. 41(b)).
[20] *Lewis v. Sheriff's Dept. Bossier Parish*, 478 Fed.Appx. 809, 815 (5th Cir. 2012) (citing *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992)).
[21] *Lewis*, 478 Fed.Appx. at 815 (internal quotation and quotation marks omitted).
[22] *Paul v. Davis*, Civ. A. No. H-18-2129, 2019 WL 1410869, at *1 (S.D. Tex. Feb. 26, 2019) (citing *Bryson v. United States*, 553 F.3d 402, 403 (5th Cir. 2008)).  See also, *Witty v. Harris*, Civ. A. No. 1:08cv106, 2008 WL 5071042, at *1 (E.D. Tex. Nov. 25, 2008) (recommending that petition for writ of habeas corpus be dismissed without prejudice under Fed. R. Civ. P. 41(b)).
[23] *Burns*, Civ. A. No. 14-2242, 2014 WL 7185449 at *2 (citing *Ramsay v. Bailey,* 531 F.2d 706, 707 (5th Cir. 1976)).
[24] Fed. R. Civ. P. 41(b).
[25] *Springboards to Education, Inc. v. Kipp Foundation*, 325 F. Supp. 3d 704, 711 (N.D. Tex. 2018) (citing *Raborn v. Inpatient Management Partners Inc.*, 278 Fed.Appx. 402, 407 (5th Cir. 2008)).

under Rule 41(b), two factors must be present: (1) a clear record of delay or contumacious conduct by the plaintiff; and (2) lesser sanctions would not serve the best interests of justice.[26] The Fifth Circuit has held that aggravating factors must also usually be found, clarifying that, "we have not said they must 'always' be found."[27] Such aggravating factors include whether the delay was caused by the plaintiff, as opposed to her attorney, whether the defendant suffered actual prejudice and whether the delay was caused by intentional conduct.[28]

## III.   ANALYSIS

The Court finds that dismissing Petitioner's Petition for Writ of Habeas Corpus with prejudice under Fed. R. Civ. P. 41(b) is not warranted.  While Plaintiff, proceeding *pro se*, has failed to take any steps in approximately six months to remedy the deficiencies in his Petition, the record does not establish that Petitioner's delay resulted from contumacious conduct.  The Court recognizes that the delay is due, at least in part, to the fact that the May 26, 2020 Notice of Deficient Filing and the Court's August 11, 2020 Order granting Petitioner additional time to respond to the Court's July 14, 2020 Show Cause Order were returned as undeliverable because they were sent to the incorrect mailing address.  Nonetheless, Petitioner was granted several extensions of time,[29] the last of which was granted on October 22, 2020 and sent to Petitioner's new address in Gray, Louisiana, as set forth in his Notice of

---

[26] *Sealed Appellant v. Sealed Appellee*, 452 F.3d 415, 417 (5th Cir. 2006) (quoting *Rogers v. Kroger Co.*, 669 F.2d 317, 320 (5th Cir. 1982); *Tello v. Comm'r*, 410 F.3d 743, 744 (5th Cir. 2005)) (quotation marks omitted).
[27] *Sealed Appellant*, 452 F.3d at 418 (citing *Rogers*, 669 F.2d at 320).
[28] *Sealed Appellant*, 452 F.3d at 418; *Springboards to Education, Inc.*, 325 F. Supp. 3d at 711 (quoting *Raborn v. Inpatient Management Partners Inc.*, 278 Fed.Appx. 402, 404-05 (5th Cir. 2008)).
[29] R. Docs. 5, 8 & 10.

Change of Address.[30]  According to the Fifth Circuit, "We have recognized that it is not a party's negligence – regardless of how careless, inconsiderate, or understandably exasperating – that makes conduct contumacious; instead it is the stubborn resistance to authority which justifies a dismissal with prejudice."[31]

Turning to the second factor, the Court finds that sanctions less than dismissal with prejudice, such as a dismissal without prejudice, would serve the best interests of justice.  Finally, the Court finds no evidence of any aggravating factors that would support a dismissal with prejudice under Rule 41(b).  The record reflects that Petitioner's failure to remedy the deficiencies in his Petition was due, in part, to the Court's failure to mail documents to Petitioner at his correct address.[32]  The record also shows that Petitioner requested additional time to respond to the Court's initial Show Cause Order,[33] due to his restricted access to the law library during the COVID-19 pandemic.  Accordingly, a dismissal with prejudice is not warranted at this time.  However, because Petitioner has failed to show cause as to why his Petition should not be dismissed and has failed to respond to the Court's Show Cause Orders, the Court finds that the Petition for Writ of Habeas Corpus should be dismissed without prejudice under Fed. R. Civ. P. 41(b).

---

[30] R. Docs. 9 & 10.
[31] *Millan v. USAA General Indemnity Company*, 546 F.3d 321, 327 (5th Cir. 2008) (internal quotation and quotation marks omitted).
[32] R. Docs. 6 & 7.
[33] *See,* R. Docs. 3 & 4.

IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus filed by Jacob Faye Luke, Sr. pursuant to 28 U.S.C. § 2241 is **DISMISSED WITHOUT PREJUDICE.**

New Orleans, Louisiana, November 30, 2020.

**WENDY B. VITTER**
**United States District Judge**